IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN PADGETT, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIT TECHNOLOGIES LTD., AMIT MANTSUR, YOSSI BEN HAROSH, ERAN EROV, and MOTTI HANIA,<br><br>Defendants. | CASE NO. 16-cv-04579 (KM)(JBC)<br><br><br>**AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Lead Plaintiffs Martin Smilovich and Hershel Smilovich ("Plaintiffs"), individually and on behalf of all other persons similarly situated, by Plaintiffs' undersigned attorneys, for Plaintiffs' complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiffs and Plaintiffs' own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiffs' attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding RiT Technologies Ltd. ("RiT Technologies" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiffs believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired RiT Technologies securities between March 3, 2015 and July 1, 2016, both dates inclusive (the "Class Period"). Plaintiffs seek to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§ 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and § 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as Defendants conduct business and operate within this District and a significant portion of the Defendants' actions, and the subsequent damages, took place within this District.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Lead Plaintiffs Martin Smilovich and Hershel Smilovich purchased RiT Technologies securities at artificially inflated prices during the Class Period and were damaged upon the revelation of the alleged corrective disclosures. Lead Plaintiffs' PSLRA certifications were previously filed with this Court and are incorporated by reference.

7. Defendant RiT Technologies provides intelligent infrastructure management ("IIM") and indoor optical wireless technology solutions worldwide. The Company's IIM products enhance security and network utilization for data centers, communication rooms, and workspace environments. The Company is incorporated in Israel with principal executive offices located at 24 Raoul Wallenberg Street, Tel Aviv 69719, Israel. The Company also maintains offices in Ridgewood, New Jersey. RiT Technologies' securities trade on the NASDAQ Capital Market ("NASDAQ") under the ticker symbol "RITT."

8. Defendant Yossi Ben Harosh ("Harosh") was the Chief Executive Officer ("CEO") and President of the Company from July 7, 2015 until his resignation on June 3, 2016.

9. Defendant Amit Mantsur ("Mantsur") was the Chief Financial Officer ("CFO") of the Company from August 6, 2015 until April 20, 2016.

10. Defendant Eran Erov ("Erov") has been the Company's VP of Finance since December 22, 2014.

11. Defendant Motti Hania ("Hania") was the President and CEO of the Company from January 21, 2014 until July 7, 2015.

12. Defendants Harosh, Mantsur, Erov, and Hania are sometimes referred to herein as the "Individual Defendants."

13. Each of the Individual Defendants:

      a. directly participated in the management of the Company;

      b. was directly involved in the day-to-day operations of the Company at the highest levels;

      c. was privy to confidential proprietary information concerning the Company and its business and operations;

      d. was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

      e. was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

      f. was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

      g. approved or ratified these statements in violation of the federal securities laws.

14. RiT Technologies is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

15. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to RiT Technologies under respondeat superior and agency principles.

16. Defendant RiT Technologies and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

17. The Commonwealth of Independent States ("CIS") region includes Armenia, Belarus, Kazakhstan, Kyrgyzstan, Moldova, Russia, Tajikistan, Turkmenistan, Ukraine, and Uzbekistan.

### Materially False and Misleading Statements

18. On March 3, 2015, the Company filed a Form 6-K with the SEC announcing that it has entered into an International Distributor Agreement with RiT CIS Ltd. ("RiT CIS") whereby "RiT CIS was granted a non-exclusive right to distribute, sell, and/or maintain RiT Technologies' products in the territory of the Russian Federation and the CIS." A copy of the executed International Distributor Agreement was attached as Exhibit 99.1 to the Form 6-K. The Form 6-K was signed by Defendant Erov.

19. On April 22, 2015, the Company filed a Form 20-F for the fiscal year ended December 31, 2014 (the "2014 20-F") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of December 31, 2014. The 2014 20-F was signed by Defendant Hania. The 2014 20-F also contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Hania and Erov attesting to the disclosure of all fraud.

20. The 2014 20-F referred to RiT CIS "as an additional non-exclusive distributor," stating in part:

> ***[I]n 2015 we appointed RiT CIS Ltd., or RiT CIS***, a Russian company affiliated with Stins Coman, ***as an additional non-exclusive distributor of our products in Russia and the CIS.***

> \*   \*   \*
>
> *Distributor Agreement with RiT CIS*. In efforts to realign and improve our sales in the CIS market, we entered into a Distributor Agreement dated January 6, 2015, with RiT CIS Ltd., a Russian company affiliated with Stins Coman ("RiT CIS"), ***whereby we designated RiT CIS as our additional and non-exclusive distributor in said territory*** (See "Item 7.B - Related Party Transactions" below).
>
> (Emphasis added).

21.  On December 7, 2015, the Company issued a press release entitled "RiT Strengthens Its Contractual Networking in Russia and CIS" referring to RiT CIS as its "Distributor in Russia" stating in relevant part:

> **RiT Strengthens Its Contractual Networking in Russia and CIS**
>
> *–RiT CIS Ltd., RiT's Russian Distributor, formed strategic alliance with several major Russian IT-Corporations*, expected to increase revenues in said region
>
> TEL AVIV, Israel, Dec. 7, 2015 (GLOBE NEWSWIRE) -- RiT Technologies (NASDAQ:RITT), a leading provider of Converged Infrastructure Management Solutions that enable companies to maximize utilization and security of their network infrastructure, announced today that ***RiT CIS Ltd.-its Distributor in Russia ("RiT CIS"), had formed strategic alliance with several major IT- companies in Russia.***
>
> These IT companies are MAYKOR (through its subsidiary CRT Service), a leading Russian provider of IT and business process outsourcing; CTI, one of the largest players in the Russian market of innovative communication and I-Teco (through its subsidiary Rasse Ltd), a member of the top ten domestic system integrators in Russia.
>
> Strategic alliances provide access to new projects that strengthen RiT's position in the Russian and CIS markets of engineering infrastructure, networking, telecommunications and low-voltage systems.
>
> The plan is to offer comprehensive solutions for the most attractive vertical markets, major corporations and government agencies of Russia.
>
> "Thanks to the alliance, MAYKOR has the opportunity of moving to a qualitatively new level of data centers infrastructure and cable systems support. Our professionals have access to technical training on the entire

>RiT equipment line, that guarantee high quality service to our customers," – said Leonid Futlik, Vice President of MAYKOR.
>
>"Strong growth in partners network of RiT is an important achievement in the Russian market," commented Dariusz Zajac, director of RiT CIS. "We are developing cooperation with the market leaders in the field of intelligent network solutions and providing converged IT infrastructure management solutions to large corporations, government agencies and different corporate customers. Thanks to cost reduction and logistic optimization, we have formed the best price offer for the Russian business. We laid the foundation for joint participation in major projects, including the development and maintenance of IT infrastructure of corporate customers in the Moscow region. The new alliances allow to combine the experience and expertise of said major IT companies with RiT's innovative solutions. Due to the aforesaid, we expect significant increase in revenues and market share in Russia and CIS," Mr. Zajac concluded.
>
>\*   \*   \*
>
>About RiT CIS
>
>***RIT CISLTD., is an official distributor of RiT Technologies, specializing in creating Converged Infrastructure Management Solutions and physical connections in Russia and CIS.*** The company is actively developing its partner network and increasing the availability of optical wireless solutions under the Beamcaster brand, Intelligent control systems and high-performance end-to-end structured cabling solutions (SCS) for business and government organizations. RIT CISLTD., demonstrates every year high growth rate. Thanks to the professional engineering team and experienced account managers, the company has successfully cooperated with the largest system integrators in Russia and CIS.
>
>(Emphasis added).

22. On December 14, 2015, the Company filed a Form 6-K with the SEC, with a copy of the December 7, 2015 attached as Exhibit 99.2. The Form 6-K was signed by Defendant Mantsur.

23. The statements referenced in ¶¶ 18-22 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or

7

misleading statements and/or failed to disclose that: (1) RiT CIS was RiT Technologies' major distributor in Russia and the CIS region; (2) RiT CIS was vital to the viability of RiT Technologies; and (3) as a result, RiT Technologies' public statements were materially false and misleading at all relevant times.

24. The motive for Defendants' false and/or misleading statements and/or failure to disclose is obvious. RiT CIS was an affiliate of Stins Coman, the Company's controlling shareholder. The market and the Company's shareholders would have doubted the Company's future prospects had the Defendants disclosed that the Company's major distributor in Russia and the CIS region – and, indeed, the vital component to the Company's viability – was an entity affiliated the Company's controlling shareholder. In fact, the new relationship multiplied the Company's dependency on Stins Coman, as the Company had previously entered into a loan agreement with Stins Coman. Accordingly, Defendants sought to keep the critical nature of RiT CIS's relationship with the Company under wraps.

25. Given RiT CIS's importance for the Company's continued viability, the Individual Defendants were aware of both RiT CIS's status as the Company's major distributor in Russia and the CIS region and RiT CIS's indispensability for the Company's viability. Thus, Defendants had scienter in making their false and/or misleading statements and/or in failing to disclose.

### The Truth Begins to Emerge

26. On February 11, 2016, the Company issued a press release revealing that RiT CIS was "its major distributor in Russia and the CIS region" and was delaying payments to the Company "thereby adversely impacting RiT's current cash flow," stating in part:

> **RiT encounters collection problems in Russia & CIS due to the financial situation in that region**

8

> -RiT's Russian Distributor RiT CIS, an affiliate of RiT's controlling shareholder STINS COMAN, has reported difficulties in making payments due to the regional economic situation
>
> TEL AVIV, Israel, Feb. 11, 2016 /PRNewswire/ -- RiT Technologies (NASDAQ: RITT), a leading provider of Converged Infrastructure Management Solutions, announced today that ***RiT CIS Ltd., its major distributor in Russia and the CIS region***, has encountered payment problems due to the current economic situation in that region.
>
> As a result, RiT CIS has delayed the making of payments for products that the Company has already sold and delivered, thereby adversely impacting RiT's current cash flow. The delay may also adversely impact the Company's expected revenues from the region and its overall financial results.
>
> "We are taking actions to mitigate the effects of this new situation and will update the market as to further significant developments," commented Yossi Ben Harosh, President and CEO of RiT Technologies Ltd.
>
> (Emphasis added).

27. On this news, shares of RiT Technologies fell $0.60 per share or over 50% from its previous closing price to close at $0.59 per share on February 11, 2016, damaging investors.

28. On April 20, 2016, the Company issued a press release announcing that the collection progress of its Russian distributor's overdue debts was progressing significantly lower than planned, and that the CFO of RiT Technologies, Defendant Mantsur, resigned effective immediately, stating in part:

> RiT Technologies Updates On Cash Flow Status
>
> TEL AVIV, Israel, April 20, 2016 /PRNewswire/ -- RiT Technologies (NASDAQ: RITT), a leading provider of Converged Infrastructure Management Solutions, further updated today on its current negative cash flow status (following previous press releases, including the press release dated February 11, 2016, in which the Company announced collection problems from its distributor in Russia and CIS due to the financial situation in that region).
>
> - The collection progress of the RiT CIS overdue debts is significantly lower than planned.

9

- The requested loan amount of 3 million USD under the terms of the Loan Agreement between RiT and STINS COMAN (its controlling shareholder), was not fulfilled up to now.

Due to the financial difficulties the Company is facing and the foregoing circumstances, RiT's CFO, Mr. Amit Mantsur, has decided to resign, one month prior to the original agreed plan, effective immediately.

29. On this news, shares of RiT Technologies fell $0.32 per share or over 46% from its previous closing price to close at $0.37 per share on April 20, 2016, damaging investors.

30. On May 10, 2016, the Company issued a press release announcing that it has made no progress in the collection of the overdue debts of RiT CIS, stating in part:

**RiT Technologies Updates on Current Business Situation**

TEL AVIV, Israel, May 10, 2016 /PRNewswire/ -- RiT Technologies (NASDAQ: RITT), a leading provider of Converged Infrastructure Management Solutions, further updated today on its business situation:

- ***Collection efforts and cash flow.*** No progress in the collection of the RiT CIS overdue debts was achieved up to now. The requested loan amount of $US 3 million under the terms of the Loan Agreement between RiT and STINS COMAN (its controlling shareholder), was not fulfilled up to now, and there is substantial doubt as to the fulfilment of said loan request.

- ***Resignation of director.*** Due to the financial difficulties the Company is facing, Mr. Israel Frieder has resigned from RiT's Board of Directors (and from any sub committees thereof, including the Audit Committee), effective immediately. Mr. Israel Frieder served as an "External Director" (as defined in the Israeli Companies Law) and was designated as an "Independent Director" under NASDAQ Rules.

  Due to the recent resignations, the Company's Board of Directors is currently comprised of two directors: Mr. Sergey Anisimov (director and Chairman of the Board) and Mr. Hanan Samet. The Company is making efforts to find suitable replacing directors who will be duly raised for election.

- ***Application for Subsidiary Liquidation.*** RiT Wireless Ltd., which is the subsidiary company of RiT Technologies (NASDAQ: RITT), received a formal application requesting the court to

10

> liquidate RiT Wireless Ltd. The application was filed with the District Court in Tel Aviv, Israel. The applicant is claiming for an unpaid debt of NIS 60,355 (approximately $US 16,000). No hearing date was scheduled yet by the court (to the Company's knowledge).
>
> "We continue to look for external financing solutions including potential M&A" commented Yossi Ben Harosh, President and CEO of RiT Technologies Ltd.

31. On this news, shares of RiT Technologies fell $0.04 per share or over 12% from its previous closing price to close at $0.30 per share on May 10, 2016, damaging investors.

32. On May 23, 2016, the Company issued a press release announcing that no progress was made on the collection of the overdue debts of its Russian distributor, RiT CIS, and "the Company believes that there is a substantial doubt about its ability to continue its operations as a going concern," stating in part:

> **RiT Technologies Reports on Recent Events and Business Situation**
>
> TEL AVIV, Israel, May 23, 2016 /PRNewswire/ -- RiT Technologies (NASDAQ: RITT), a leading provider of Converged Infrastructure Management Solutions, further updated today on its business situation:
>
> - ***Cash flow and going concern status.*** No progress was made relating to the collection of the overdue debts of RiT CIS (Russia). The requested loan amount of $US 3 million under the terms of the Loan Agreement between RiT and STINS COMAN (its controlling shareholder), was not fulfilled up to now. Under the current circumstances, ***the Company believes that there is a substantial doubt about its ability to continue its operations as a going concern.***
>
> - ***Additional director resigned.*** Due to the financial difficulties the Company is facing, Mr. Hanan Samet resigned from RiT's Board of Directors (and from any sub committees thereof, including the Audit Committee), effective immediately. Mr. Hanan Samet was designated as an "Independent Director" under NASDAQ Rules. Due to the recent resignations, the Company currently has only one director serving - Mr. Sergey Anisimov. The Company is making efforts to find suitable replacing directors who will be duly raised for election.

"As reflected in the last business updates, the Company is financially struggling and we keep actively looking for financial solutions including M&A," commented Yossi Ben Harosh, President and CEO of RiT Technologies Ltd.

(Emphasis added.)

33. On June 3, 2016, the Company issued a press release announcing the resignation of Defendant Harosh as President and CEO of the Company, stating in part:

**RiT Technologies President and CEO Resigns**

TEL AVIV, Israel, June 3, 2016 /PRNewswire/ -- RiT Technologies Ltd. (NASDAQ: RITT), a leading provider of Converged Infrastructure Management Solutions, announced today that Yossi Ben Harosh has resigned from his position as the President and CEO of the company. Mr. Ben Harosh is expected to continue to serve as a RiT's President and CEO during his notice period starting on June 10th 2016.

34. On this news, shares of RiT Technologies fell $0.01 per share or over 3% from its previous closing price to close at $0.27 per share on June 3, 2016, damaging investors.

35. On June 28, 2016, RiT Technologies issued a press release announcing that its request for continued listed on the NASDAQ Capital Market was denied, that trading of its securities will be suspended by NASDAQ on July 1, 2016 and thereafter be removed from listing on the NASDAQ:

**Nasdaq Rejects RiT Technologies' Request for Continued Listing**

Jun 28, 2016, 08:02 ET from RiT Technologies TEL AVIV, Israel, June 28, 2016 /PRNewswire/ --

RiT Technologies Ltd. (NASDAQ: RITT), a leading provider of Converged Infrastructure Management Solutions, announced today that on June 22, 2016, it received a notice from Nasdaq in the form of a staff determination letter, informing the Company that its plan to regain compliance with the Nasdaq Listing Rules has been rejected and that the Company's request for continued listing on the Nasdaq Capital Market was denied. The Company does not intend to appeal the staff's determination. The Nasdaq Staff has determined to initiate procedures to delist the Company's securities from the Nasdaq Stock Market. The trading of the Company's securities will be suspended at the opening of

12

business on July 1, 2016, and thereafter be removed from listing on the Nasdaq Stock Market. The Company's securities may be eligible to continue to be quoted on the OTC Bulletin Board or in the "Pink Sheets."

36. On this news, shares of RiT Technologies fell $0.07 per share or over 32% from its previous closing price to close at $0.15 per share on June 28, 2016.

37. On July 5, 2016, the Company filed a Form 6-K with the SEC announcing "that on June 30, 2016, a group of the Company's employees has filed petitions with the Tel Aviv District Court (the "Court") to, among others, liquidate the Company," stating in part:

> RiT Technologies Ltd. (in temporary liquidation)(the "Company") hereby announces that on June 30, 2016, a group of the Company's employees has filed petitions with the Tel Aviv District Court (the "Court") to, among others, liquidate the Company and to appoint Mr. Asher Engelman as the temporary liquidator of the Company. On June 30, 2016, the Court has approved the appointment of Mr. Engelman as the temporary liquidator of the Company and has authorized and empowered Mr. Engelman, among others, to obtain, secure and insure all of the Company's assets and to conduct initial investigations with regards to reason of the Company's deterioration. A hearing in the presence of parties was set to be held on July 5, 2016.

38. On this news, shares of RiT Technologies fell $0.03 per share or over 25% from its previous closing price to close at $0.09 per share on July 5, 2016.

39. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs and other Class members have suffered significant losses and damages.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

40. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired RiT Technologies securities traded on the NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all

relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

41. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, RiT Technologies securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery, Plaintiffs believe that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by RiT Technologies or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

42. Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

43. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the Class.

44. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of RiT Technologies;

- whether the Individual Defendants caused RiT Technologies to issue false and misleading public statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading public statements;

- whether the prices of RiT Technologies securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

46. Plaintiffs will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- RiT Technologies securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiffs and members of the Class purchased and/or sold RiT Technologies securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

47. Based upon the foregoing, Plaintiffs and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

48. Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

49. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

50. This Count is asserted against RiT Technologies and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

51. During the Class Period, RiT Technologies and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

52. RiT Technologies and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

16

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiffs and others similarly situated in connection with their purchases of RiT Technologies securities during the Class Period.

53. RiT Technologies and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of RiT Technologies were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of RiT Technologies, their control over, and/or receipt and/or modification of RiT Technologies allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning RiT Technologies, participated in the fraudulent scheme alleged herein.

54. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiffs and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other RiT Technologies personnel to members of the investing public, including Plaintiffs and the Class.

55. As a result of the foregoing, the market price of RiT Technologies securities was artificially inflated during the Class Period. In ignorance of the falsity of RiT Technologies' and the Individual Defendants' statements, Plaintiffs and the other members of the Class relied on the statements described above and/or the integrity of the market price of RiT Technologies securities during the Class Period in purchasing RiT Technologies securities at prices that were

artificially inflated as a result of RiT Technologies' and the Individual Defendants' false and misleading statements.

56. Had Plaintiffs and the other members of the Class been aware that the market price of RiT Technologies securities had been artificially and falsely inflated by RiT Technologies' and the Individual Defendants' misleading statements and by the material adverse information which RiT Technologies' and the Individual Defendants did not disclose, they would not have purchased RiT Technologies' securities at the artificially inflated prices that they did, or at all.

57. As a result of the wrongful conduct alleged herein, Plaintiffs and other members of the Class have suffered damages in an amount to be established at trial.

58. By reason of the foregoing, RiT Technologies and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to Plaintiffs and the other members of the Class for substantial damages which they suffered in connection with their purchase of RiT Technologies securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

59. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60. During the Class Period, the Individual Defendants participated in the operation and management of RiT Technologies, and conducted and participated, directly and indirectly, in the conduct of RiT Technologies' business affairs. Because of their senior positions, they knew the adverse non-public information regarding RiT Technologies' business practices.

61. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to RiT Technologies' financial condition and results of operations, and to correct promptly any public statements issued by RiT Technologies that had become materially false or misleading.

62. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings that RiT Technologies disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause RiT Technologies to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of RiT Technologies within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of RiT Technologies securities.

63. Each of the Individual Defendants, therefore, acted as a controlling person of RiT Technologies. By reason of their senior management positions and/or being directors of RiT Technologies, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, RiT Technologies to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of RiT Technologies and possessed the power to control the specific activities that comprise the primary violations about which Plaintiffs and the other members of the Class complain.

64. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by RiT Technologies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiffs as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiffs and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiffs and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

Dated: April 16, 2018

Respectfully submitted,

*s/Neil Grossman*
Neil Grossman

Bronstein, Gewirtz & Grossman, Esqs.
144 North Beverwyck Road, #187
Lake Hiawatha, NJ 07034
973-335-6409
neil@bgandg.com

*Lead Counsel for Lead Plaintiffs*