# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# NEWARK VICINAGE

| | |
|---|---|
| STEPHEN PADGETT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIT TECHNOLOGIES, LTD.; AMIT MANTSUR; YOSSI BEN HAROSH; ERAN EROV; and MOTTI HANIA,<br><br>Defendants. | Case No. 16-CV-04579-KM-JBC<br><br>**ORIGINAL MOTION DATE:**<br><br>**JULY 16, 2018** |

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I. Introduction ................................................................................................................. 1

II. Argument ..................................................................................................................... 2

    A. Plaintiffs Still Fail To Plead Any Actionable Misrepresentation or Omission. ........................................................................................................... 2

    B. Plaintiffs' Half-Hearted Scienter Argument Shows That They Have Not Pleaded Facts That Create A Strong Inference of Scienter. ..................................... 6

    C. Plaintiffs' Claims Should be Dismissed In Their Entirety, And With Prejudice ....................................................................................................... 9

III. Conclusion ................................................................................................................... 9

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bonny v. Soc'y of Lloyd's*,
  3 F.3d 156 (7th Cir. 1993) ...................................................................................................9

*Eun Ju Song v. Bank of Am., N.A.*,
  Civ. No. 2:14-3204 WJM, 2015 WL 248436 (D.N.J. Jan. 20, 2015) ...................................2, 9

*In re Donald J. Trump Casino Secs. Litig.-Taj Mahal Litig.*,
  7 F.3d 357 (3d Cir. 1993) ....................................................................................................4

*In re Heartland Payment Sys., Inc. Secs. Litig.*,
  Civ. No. 09-1043, 2009 WL 4798148 (D.N.J. Dec. 7, 2009) ...............................................8

*In re PTC Therapeutics, Inc. Secs. Litig.*,
  Civ. No. 16-1124 (KM) (MAH), 2017 WL 3705801 (D.N.J. Aug. 28, 2017) ..................4, 6

*In re Synchronoss Secs. Litig.*,
  705 F. Supp. 2d 367 (D.N.J. 2010) ......................................................................................3

*Institutional Inv'rs Grp. v. Avaya, Inc.*,
  564 F.3d 242 (3d Cir. 2009) .............................................................................................6, 7

*Jaroslawicz v. Engelhard Corp.*,
  704 F. Supp. 1296 (D.N.J. 1989) ........................................................................................3

*Martin v. GNC Holdings, Inc.*,
  No. 2:15-CV-01522, 2017 WL 3974002 (W.D. Pa. Sept. 8, 2017) .....................................8

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
  540 F.3d 1049 (9th Cir. 2008) .............................................................................................7

*Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*,
  720 F. Supp. 2d 517 (D.N.J. 2010) ......................................................................................8

*Rahman v. Kid Brands, Inc.*,
  736 F.3d 237 (3d Cir. 2013) .................................................................................................7

*Ret. Sys. v. Chubb Corp.*,
  394 F.3d 126 (3d Cir. 2004) .................................................................................................7

*S. Ferry LP, No. 2 v. Killinger*,
  542 F.3d 776 (9th Cir. 2008) ................................................................................................7

**Statutes**

15 U.S.C. § 78u–4(b)(1) .........................................................................................................5, 7

**I.      INTRODUCTION**

Plaintiffs' Opposition brief ("Opp.") demonstrates why their Amended Complaint must be dismissed. For the most part, Plaintiffs simply regurgitate much of their pleading and engage in lengthy recitations of boilerplate legal standards.[1] Stripped of that filler, all that is left is conclusory assertions, none of which come to showing that Plaintiffs have stated a claim. In their motion to dismiss, Defendants pointed out the lack of sufficient allegations in the complaint to meet *any* pleading standard, let alone the exceptionally stringent standards that apply under the PSLRA. In response, Plaintiffs fail to cite their complaint *even once* in the Argument portion of their brief—a tacit admission, if ever there was one, that its allegations are insufficient.

In short, Plaintiffs have failed to plead the *sin qua non* of a securities fraud claim: a material misrepresentation or omission made with scienter. Plaintiffs emphasize the relationship between RiT CIS and Stins Coman, RiT's controlling shareholder, but they cannot escape the indisputable fact that this relationship was repeatedly disclosed, including in the very same filings upon which Plaintiffs base their claim. And aside from hindsight assertions regarding RiT's later insolvency, Plaintiffs offer nothing to show that the relevant statements regarding RiT CIS were false or misleading *when made*, and nothing more than speculation to suggest that the adverbs and generalizations they claim should have been included in RiT's disclosures—*e.g.*, that RiT CIS was RiT's "major" distributor in the CIS region—would have materially changed the total mix of information in the view of a reasonable investor. Plaintiffs allege, for example, that a disclosure of

---

[1]  Plaintiffs' recitations of the complaint's allegations, moreover, often do not track what the complaint actually says. Plaintiffs assert, for example, that "When the distribution of a company's products relies upon a single distributor, which is an affiliate of the company's controlling shareholder, that dependence is material." Opp. at 6. But Plaintiffs' complaint does not allege that RiT "relie[d] upon a single distributor." RiT indisputably had multiple distributors. What Plaintiffs *actually* allege is that one of those distributors, RiT CIS, was "major" and "vital to the viability" of RiT.

the RiT CIS distributorship under the headline "Recent Major Business Developments" was misleading because it failed to identify the distributorship as "major." That fails to show an actionable misrepresentation or omission. Finally, Plaintiffs almost nothing to satisfy their high burden of pleading a strong inference of scienter, and their vague and hindsight-based scienter allegations simply fail under the PSLRA.

Finally, Plaintiffs note in a footnote that only the individual defendants have moved to dismiss. That is for the simple reason that only the individual defendants have been properly served. RiT's liquidation proceedings make it questionable whether there is even a RiT-related entity capable of being served and joined to a proceeding in a United States court at this point. Regardless, there is no distinction between the allegations against the individual defendants and the allegations against RiT, so this Court can and should dismiss Plaintiffs' case in its entirety.[2]

## II.   ARGUMENT

### A.   Plaintiffs Still Fail To Plead Any Actionable Misrepresentation or Omission.

Plaintiffs' Opposition (at 11-12) confirms that their allegations center around two contentions. First, Plaintiffs contend that it was misleading to identify RiT CIS as a new non-exclusive distributor of RiT's products in the Russia and CIS region without dubbing it a "major distributor." And second, Plaintiffs contend that it was misleading to identify RiT CIS as a new non-exclusive distributor of RiT's products without dubbing it vital to the viability of RiT.

Plaintiffs make generalized assertions, without citing to the complaint—or anywhere else for that matter—that "[t]he market shrugged off" RiT's repeated disclosures that RiT CIS was an

---

[2]   While the individual defendants' counsel does not represent RiT, this Court's authority to dismiss claims as against non-moving defendants is well-established; indeed, this court may do so *sua sponte*, as well as at the request of moving defendants. *E.g.*, *Eun Ju Song v. Bank of Am., N.A.*, Civ. No. 2:14-3204 WJM, 2015 WL 248436, at *3 (D.N.J. Jan. 20, 2015).

affiliate of RiT's controlling shareholder Stins Coman, supposedly because "the company's disclosure misleadingly indicated that RiT CIS was not a significant distributor." Opp. at 12. But neither the complaint nor Plaintiffs' Opposition brief ever identifies anything in the securities filings at issue that would convey to a reasonable investor that the relationship was less important than it actually was. To the contrary, the Form 20-F described it as a "Major Business Development" and a "Financial Highlight." Nor do Plaintiffs offer anything more than speculation to plead that RiT CIS was in fact a "significant distributor" at the time, nor anything to counter the argument that these omitted characterizations are too subjective and indefinite to be actionable. Each of these failures is fatal to Plaintiffs' claims.

*First*, Plaintiffs fail to point to anything misleading about the statements RiT made. To plead a duty to disclose omitted facts, "it is not enough to allege that the statement is incomplete; rather, the plaintiff must state facts showing that, due to its incompleteness, the statement *affirmatively led the plaintiff in a wrong direction* (rather than merely omitted to discuss certain matters)." *In re Synchronoss Secs. Litig.*, 705 F. Supp. 2d 367, 419 (D.N.J. 2010); *see also Jaroslawicz v. Engelhard Corp.*, 704 F. Supp. 1296, 1306 (D.N.J. 1989) ("A 'misleading' statement is one which, when viewed in the light of the circumstances under which it was made, presented a false report of the facts."); *id.* at 1299 (framing the standard in terms of "misleading a reasonable investor"). The standard, in other words, is not whether a lawyer could concoct any other possible *post hoc* meaning or implication, but rather what reasonable investors would take away from a statement.

Here, RiT never described RiT CIS as insignificant, minor, or negligible. To the contrary, it specifically highlighted the relationship by listing it as a "Major Business Development" and "Financial Highlight," as well as by filing 6-Ks for the press releases announcing the relationship.

3

Nothing Plaintiffs point to substantiates their bare assertion that reasonable investors would have understood RiT to be downplaying RiT CIS's significance.

Plaintiffs emphasize in bold italics that RiT described RiT CIS's distributorship as "***non-exclusive***." Opp. at 12. But again, they offer nothing to show that reasonable investors understand "non-exclusive" to mean anything other than exactly what it says: RiT had other distributors in the region, and RiT CIS's distributorship deal was not exclusive. Plaintiffs do not, for example, point to analysts or commentators discussing the disclosures' use of the term "non-exclusive" as meaning "insignificant," dictionaries attributing that meaning to "non-exclusive," nor any other basis to think that investors were led astray. That is presumably because either investors do not give "non-exclusive" the secondary meaning of "insignificant" at all, or because in context, investors do not understand a deal described as a "Major Business Development" as insignificant. *Cf. In re Donald J. Trump Casino Secs. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 371 (3d Cir. 1993) ("Here the context clearly and precisely relayed to the bondholders the substantial uncertainties inherent in the completion and operation of the Taj Mahal."). In short, neither Plaintiffs' complaint nor their brief offers a plausible allegation, let alone a particularized one, that investors were misled by what RiT said about the RiT CIS agreement.

***Second***, Plaintiffs' Opposition confirms that the *sole* basis for their allegation that RiT CIS was "major" or "vital" at the time that the statements were made is that RiT *later* described it as a "major distributor." Opp. at 12-13. But as Defendants' opening memorandum noted, decades of case law hold that such pleading of fraud by hindsight, without more, fails to state a claim. Mem. at 16-17; *see also In re PTC Therapeutics, Inc. Secs. Litig.*, Civ. No. 16-1124 (KM) (MAH), 2017 WL 3705801, at *10 (D.N.J. Aug. 28, 2017) ("Reasoning backward from the eventual rejection, plaintiffs posit that the ACT DMD must have been doomed from the start. To plead an actionable

4

statement, however, a securities fraud complaint must contain particularized facts that plausibly suggest that a misstatement was false or misleading when made; it is never enough to plead 'fraud by hindsight.'"). The fraud by hindsight doctrine exists precisely in order to prevent plaintiffs from seizing upon a disclosure of facts *at the time of the disclosure* to assert, without any additional factual basis, that the disclosure could have been made earlier.[3]

***Third***, Plaintiffs fail to point to any case law that would make actionable the vague and subjective nature of the purported omissions they allege. Opp. at 13. Instead, they attempt to shift the goalposts from what they actually pleaded in their complaint, claiming that "Defendants were required to disclose, in some verbal form, RiT's dependence upon RiT CIS's distributorship." *Id*. First, that is somewhat different from the omission actually pleaded in the Complaint, and under the PSLRA's demanding pleading standard, Plaintiffs cannot allege one omission in their complaint and then attempt to redefine it later. 15 U.S.C. § 78u-4(b)(1)(B) ("[T]he complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."). The omissions actually pleaded—that RiT CIS was a "major" distributor and "vital to the viability" of RiT, AC ¶ 23,—are still too indefinite to be actionable, for the reasons stated in Defendants' opening memorandum. *See* Mem. at 12, 17-18. Regardless, even if Plaintiffs were to amend their complaint to frame the omission as "dependence," it would not avail them: the very filings Plaintiffs base their claims upon contain multiple warnings to investors, noting (for example) that

---

[3] To be sure, when an issuer discloses *historical* facts that show that a prior statement was incorrect when made, that may be enough even standing alone to allege falsity. But when an issuer merely discloses *present* facts, the fraud by hindsight doctrine requires something more before a Plaintiff can carry those present facts backward in time.

5

RiT CIS is "a Russian company affiliated with STINS COMAN," and "**We may be affected by transactions with STINS COMAN**." Kritzer Decl. Ex. 2 at 10. Viewing RiT's disclosures in context, including the cautionary statements, Plaintiffs' allegations still do not significantly change the factual mix.

      **B.    Plaintiffs' Half-Hearted Scienter Argument Shows That They Have Not Pleaded Facts That Create A Strong Inference of Scienter.**

The vast majority of Plaintiffs' scienter argument (Opp. at 14-15) consists of reciting boilerplate legal standards. Their actual legal theory boils down to asserting that because they have (inadequately) pleaded that RiT CIS was important to RiT, the Defendants must have known that RiT's filings were false. *Id.* The PSLRA's strong inference standard would mean little if this sort of conclusory pleading sufficed.

Pleading scienter under the PSLRA "requires plaintiffs to allege facts giving rise to a 'strong inference' of 'either reckless or conscious behavior.'" *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 267 (3d Cir. 2009); *see also id.* at 272 (scienter existed where defendant "either knew at the time that his statements were false or was reckless in disregarding the obvious risk of misleading the public."). "The complaint must . . . plead that the alleged misrepresentations were made with the 'intent to deceive, manipulate, or defraud.'" *In re PTC Therapeutics,* 2017 WL 3705801, at *15. "[U]nder the PSLRA's exacting pleading standard for scienter, any private securities complaint alleging that the defendant made a false or misleading statement must state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Avaya*, 564 F.3d at 253 (internal brackets, quotation marks, and ellipses omitted). To assess whether a plaintiff has met this requirement, courts must "weigh the plausible nonculpable explanations for the defendant's conduct against the inferences favoring the plaintiff." *Id.* at 267 (internal quotation marks omitted). "A strong inference of scienter is one that is cogent

6

and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* (internal quotation marks omitted). The court must reach a "practical judgment about whether, accepting the whole factual picture painted by the Complaint, it is at least as likely as not that defendants acted with scienter." *Id.* at 269.

Plaintiffs' argument essentially boils down to the assertion that "[g]ive [sic] the critical importance of RiT CIS's distributorship, as pleaded by Plaintiffs, an inference of Defendants' knowledge is at least as likely as any other plausible opposing inference." Opp. at 15. The rationale, in other words, is that Plaintiffs have made some threadbare allegations that RiT CIS was important to RiT, so, *ipso facto*, the Defendants must have known. Of course, Plaintiffs' falsity allegations rely on transporting the February 2016 press release back in time by almost a year, but no matter: the same hindsight that they use for falsity they will use for scienter as well.

None of this comes close to satisfying the demanding requirements of the PSLRA. "Generic and conclusory allegations based upon rumor or conjecture are undisputedly insufficient to satisfy the heightened pleading standard of 15 U.S.C. § 78u–4(b)(1)." *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 155 (3d Cir. 2004). The Third Circuit, moreover, has confined the "core operations doctrine" upon which Plaintiffs rely narrowly. *E.g.*, *Rahman v. Kid Brands, Inc.*, 736 F.3d 237, 247 (3d Cir. 2013) ("[C]orporate management's general awareness of the day-to-day workings of the company's business does not establish scienter—at least absent some additional allegation of specific information conveyed to management and related to fraud." (quoting *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1068 (9th Cir. 2008)); *cf. S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008) ("Where a complaint relies on allegations that management had an important role in the company but does not contain additional detailed allegations about the defendants' actual exposure to information, it will usually fall short

7

of the PSLRA standard."). District courts in this Circuit have similarly required something more to satisfy the PSLRA's scienter requirement. *See, e.g.*, *Martin v. GNC Holdings, Inc.*, No. 2:15-CV-01522, 2017 WL 3974002, at *14 (W.D. Pa. Sept. 8, 2017) ("[S]uch allegation, based on the Individual Defendants' status as senior executives, is sufficient 'only when taken together with more specific allegations linking their positions to their knowledge.'"); *In re Heartland Payment Sys., Inc. Secs. Litig.*, Civ. No. 09-1043, 2009 WL 4798148, at *7 (D.N.J. Dec. 7, 2009) ("[I]t is not automatically assumed that a corporate officer is familiar with certain facts just because these facts are important to the company's business; there must be other, individualized allegations that further suggest that the officer had knowledge of the fact in question."). Plaintiffs plead nothing about each individual defendant's role or knowledge of the relationship with RiT CIS, and the only other discernable scienter-related allegation is a nonsensical theory that RiT wanted to hide the importance of RiT CIS to obscure its fully-disclosed relationship with Stins Coman. Because "Plaintiff[s] cannot rely on this doctrine when [they] ha[ve] failed to allege other individualized allegations that [each Defendant] had knowledge of the facts at issue," merely claiming that RiT CIS was important does not create a strong inference that the Defendants intended to deceive investors. *Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*, 720 F. Supp. 2d 517, 556 (D.N.J. 2010).

Plaintiffs have failed to create a strong inference of scienter. The PSLRA accordingly mandates that their complaint be dismissed.[4]

---

[4] Given that Plaintiffs' theory of why RiT's filings were misleading relies on the claim that reasonable investors would attribute to them a meaning not literally stated in them, *see supra* at 3-4, a further reason Defendants lack the intent to deceive, manipulate, or defraud is that nothing in the Complaint sufficiently alleges that they knew that they were making the representations Plaintiffs allege. If it is even possible for a Rule 10b-5 claim to be based on an implied representation, then the scienter requirement surely requires that defendants know that they are making the implied representation.

### C. Plaintiffs' Claims Should be Dismissed In Their Entirety, And With Prejudice

Finally, the dismissal of the complaint should be in full, for all defendants, and with prejudice. Plaintiffs appear not to have properly served RiT itself (which is in liquidation) with process, and it is unclear if there is still an entity capable of being sued given that Plaintiffs do not appear to have filed any sort of claim in the Israeli liquidation proceedings. Regardless, this Court's authority to dismiss the complaint in its entirety and as to all defendants is clear. *See Eun Ju Song*, 2015 WL 248436, at *3 ("[B]ecause a court dismissing claims against moving defendants may *sua sponte* dismiss claims against non-moving defendants, Plaintiff's claims against Green Tree in Counts I and II are also DISMISSED WITH PREJUDICE." (citing *Bonny v. Soc'y of Lloyd's,* 3 F.3d 156, 162 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related."))). The claims fail as to RiT for exactly the same reasons they fail as to the moving defendants, and it would be a waste of judicial resources for this court to require RiT to separately move on the same grounds after it is properly served.  And the dismissal should be with prejudice: nothing in Plaintiffs' opposition requests leave to amend if the motion is granted, and nothing suggests that they have anything more to plead that could cure the defects in the complaint.

### III. CONCLUSION

For the foregoing reasons, and those stated in Defendants' opening memorandum, this Court should dismiss Plaintiffs' complaint with prejudice.

9

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: New York, New York<br>September 13, 2018 | Kirkland & Ellis LLP<br><br>*s/ Sara B. Cannon*<br>Sara B. Cannon<br>sara.cannon@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>United States<br>Telephone: +1 212 446 4800<br>Facsimile: +1 212 446 4900<br><br>*Attorney for Defendants Amit Mantsur; Yossi Ben Harosh; Eran Erov; and Motti Hania* |

*Of Counsel:*

Jay P. Lefkowitz, P.C. (*pro hac vice*)
lefkowitz@kirkland.com
Nathaniel J. Kritzer (*pro hac vice*)
nathaniel.kritzer@kirkland.com
Joseph M. Sanderson (*pro hac vice*)
joseph.sanderson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
United States
Telephone: +1 212 446 4800
Facsimile: +1 212 446 4900

10