Sara B. Cannon
sara.cannon@kirkland.com
Jay P. Lefkowitz, P.C. (pro hac vice)
lefkowitz@kirkland.com
Nathaniel J. Kritzer (pro hac vice)
nathaniel.kritzer@kirkland.com
Joseph M. Sanderson (pro hac vice)
joseph.sanderson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: +1 212 446 4800
Facsimile: +1 212 446 4900

*Attorneys for Defendants Amit Mantsur;
Yossi Ben Harosh; Eran Erov; and
Motti Hania*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| STEPHEN PADGETT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RIT TECHNOLOGIES, LTD.; AMIT MANTSUR; YOSSI BEN HAROSH; ERAN EROV; and MOTTI HANIA,<br><br>Defendants. | Case No.:  16-CV-04579-KM-JBC<br><br>**MOTION DATE:  JUNE 3, 2019** |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | Introduction | | 1 |
| II. | Legal Standard | | 2 |
| III. | Argument | | 4 |
| | A. | Plaintiffs Fail to Cure Their Failure to Plead a Material Misrepresentation or Omission. | 4 |
| | B. | Plaintiffs Fail to Cure Their Threadbare Scienter Allegations. | 7 |
| IV. | Conclusion | | 8 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Alpharma Inc. Sec. Litig.*,
    372 F.3d 137 (3d Cir. 2004)...................................................................................3

*Am. Corp. Soc'y v. Valley Forge Ins. Co.*,
    424 F. App'x 86 (3d Cir. 2011) ..............................................................................2

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988).................................................................................................5

*Brashears v. 1717 Capital Mgmt.*,
    No. CIV.A. 02-1534-KAJ, 2005 WL 2585247 (D. Del. Oct. 13, 2005).....................3

*Campo v. Sears Holdings Corp.*,
    371 F. App'x 212 (2d Cir. 2010) .............................................................................1

*In re Downey Sec. Litig.*,
    No. CV 08-3261-JFW, 2009 WL 2767670 (C.D. Cal. Aug. 21, 2009) ....................6

*Institutional Inv'rs Grp. v. Avaya, Inc.*,
    564 F.3d 242 (3d Cir. 2009)....................................................................................8

*McCauley v. City of Chicago*,
    671 F.3d 611 (7th Cir. 2011) ..................................................................................3

*In re Metawave Commc'ns Corp. Sec. Litig.*,
    298 F. Supp. 2d 1056 (W.D. Wash. 2003)..............................................................5

*Mickens v. Ford Motor Co.*,
    900 F. Supp. 2d 427 (D.N.J. 2012) .........................................................................2

*Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*,
    720 F. Supp. 2d 517 (D.N.J. 2010) .........................................................................6

*Novak v. Kasaks*,
    216 F.3d 300 (2d Cir. 2000)....................................................................................5

*Oran v. Stafford*,
    226 F.3d 275 (3d Cir. 2000)....................................................................................3

*Pushkin v. Nussbaum*,
    No. 2:12-0324 (KM)(MAH), 2014 WL 4543069 (D.N.J. Sept. 11, 2014)...............3

*Ret. Sys. & Local 295/Local 851 v. Boeing Co.*,
   711 F.3d 754 (7th Cir. 2013) ...................................................................................................1

*Ret. Sys. v. Chubb Corp.*,
   394 F.3d 126 (3d Cir. 2004)..........................................................................................3, 5, 6, 7

*In re Synchronoss Sec. Litig.*,
   705 F. Supp. 2d 367 (D.N.J. 2010) ........................................................................................4, 7

*Winer Family Tr. v. Queen*,
   503 F.3d 319 (3d Cir. 2007)........................................................................................................5

**Statutes**

Private Securities Litigation Reform Act of 1995 ...................................................................1, 3, 7

**Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................................................2, 3

Fed. R. Civ. P. 15............................................................................................................................3

**Other Authorities**

17 C.F.R. § 240.10b-5......................................................................................................................5

I.      INTRODUCTION

In dismissing Plaintiffs' Amended Complaint in this action, this Court correctly held that Plaintiffs failed to allege facts plausibly demonstrating that any Defendant made a materially false statement or omission, or facts giving rise to the "strong inference of scienter" that the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires.

Plaintiffs' proposed Second Amended Complaint falls well short of curing these core deficiencies.  The principal "add" is to put some flesh on the bones of Plaintiffs' conclusory allegation that RiT CIS was a "major" RiT distributor.  Plaintiffs attribute these new allegations to a few anonymous and vaguely described former employees.[1] Doc. 39-2 at ¶¶ 8–11 (complaint redline). Excepting a few conforming changes elsewhere and a few rephrased sentences, the substance of the proposed Second Amended Complaint is otherwise the same as the one this Court just dismissed.

This means that Plaintiffs have not even attempted to address multiple independently sufficient grounds on which this Court dismissed the Amended Complaint. **First**, Plaintiffs fail to plead a material misrepresentation or omission because no Defendant ever denied that RiT CIS was a "major" distributor. To the contrary, as the Court noted in its opinion dismissing the Amended Complaint, "RiT's March-April 2015 public statements actually did describe the signing of the Distribution Agreement [which was filed as an exhibit] as a 'major' development."

---

[1]  Several of these new assertions are implausible—including Plaintiffs' claim that RiT CIS was doing millions of dollars of business with RiT before RiT CIS was formed and signed its distributorship agreement (both in January 2015). *See* Doc. 28-3 at 11. Whether through innocent misunderstanding, mistranslation, or otherwise, there is ample reason to doubt that the complaint accurately represents whatever the former employees said. *Cf. City of Livonia Emps.' Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 762 (7th Cir. 2013) (discussing misstatement of confidential witness testimony); *Campo v. Sears Holdings Corp.*, 371 F. App'x 212, 216 n.4 (2d Cir. 2010) (similar).

Doc. 34 at 10. Plaintiffs add nothing to explain why the challenged statements would "affirmatively lead investors in the wrong direction." *Id.* at 9. The Second Amended Complaint thus still fails to "allege *why* or *how* the description of the Distribution Agreement in the March-April 2015 SEC disclosures would have misled [investors] to their detriment." *See id.* at 10.

**Second**, Plaintiffs have done nothing to amend their insufficient scienter allegations. This Court rejected Plaintiffs' falsity-equals-scienter bootstrapping in their Amended Complaint. *Id.* at 13 ("The argument seems to be that those statements were so clearly false and misleading that they could not have been uttered without intent to defraud. I disagree; failure to use the word 'major,' for example, does not scream fraud."). Failure to use Plaintiffs' preferred language pleads neither falsity nor a strong inference of scienter. This Court pointed out the plausible nonculpable inference that "Defendants believed that their public statements accurately reflected the facts when they were filed in March-April 2015." *Id.* Yet Plaintiffs offer nothing new to rebut that—it remains much more plausible that Defendants believed that the multiple disclosures they did make were accurate and not misleading.

In short, despite having ample time to amend and retaining an investigator, Plaintiffs have failed to correct fundamental deficiencies in their complaint. Putting the parties and the Court through the burden of dealing with another round of motion to dismiss briefing will only lead to the same result. Leave to amend should be denied as futile.

## II.   LEGAL STANDARD

This Court "may deny leave to amend if such an amendment would be futile, *i.e.*, if it would not survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 440 (D.N.J. 2012) (citation omitted); *see also Am. Corp. Soc'y v. Valley Forge Ins. Co.*, 424 F. App'x 86, 90 (3d Cir. 2011) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately

2

subject to summary judgment for the defendant."). "Therefore, one test for whether an amended complaint would be futile is the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Pushkin v. Nussbaum*, No. 2:12-0324 (KM)(MAH), 2014 WL 4543069, at *3 (D.N.J. Sept. 11, 2014).

A securities fraud complaint must satisfy the "most stringent pleading requirement in American civil law" to withstand a motion to dismiss. *McCauley v. City of Chicago*, 671 F.3d 611, 625 (7th Cir. 2011). For that reason, courts dealing with motions to amend in the securities fraud context have held that "the standard for leave to amend in Rule 15 does apply to claims under the PSLRA, but must be applied in the context of the heightened pleading standard of the PSLRA." *Brashears v. 1717 Capital Mgmt.*, No. CIV.A. 02-1534-KAJ, 2005 WL 2585247, at *2 (D. Del. Oct. 13, 2005). Courts reject amended securities fraud complaints where they would not fix the deficiencies that caused the prior complaint to be defective under those heightened pleading standards. *E.g.*, *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000) ("We fail to see, however, how the inclusion of these additional allegations would change the analysis underpinning the District Court's dismissal."); *In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 154 (3d Cir. 2004) (affirming denial of leave to amend where plaintiffs failed to propose amendments that would satisfy PSLRA standard, despite prior amendment and extension of time), *abrogated in non-pertinent part on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 164 (3d Cir. 2004) (affirming denial of leave to amend where plaintiffs "proffered no additional facts that would cure the pleading deficiencies of the Second Amended Complaint" that the court had identified).

3

### III.  ARGUMENT

Plaintiffs' proposed Second Amended Complaint fails to remedy the fundamental defects this Court identified in its opinion dismissing the Amended Complaint, and leave to amend should be denied as futile.

### A.  Plaintiffs Fail to Cure Their Failure to Plead a Material Misrepresentation or Omission.

In dismissing Plaintiffs' Amended Complaint, this Court noted that "in order for a statement to be misleading, 'it is not enough to allege that the statement is incomplete; rather, the plaintiff must state facts showing that, due to its incompleteness, the statement *affirmatively led the plaintiff in a wrong direction* (rather than merely omitted to discuss certain matters).'" Doc. 34 at 9 (quoting *In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 419–20 (D.N.J. 2010). The Court dismissed the Amended Complaint because Plaintiffs did not "allege *why* or *how* the description of the Distribution Agreement in the March-April 2015 SEC disclosures would have misled them to their detriment." *Id.* at 10.

Plaintiffs' proposed amendments do not change that. Plaintiffs still do not contend that RiT CIS's distributorship agreement was exclusive or that RiT had no other distributors. *Id.* at 10. Nor could they; as RiT's Form 20-F disclosed, RiT had other distributors in the CIS region (including Stins Coman). *See, e.g.*, Doc. 28-4 at 28. Plaintiffs do not point to any other reason why the challenged statements would mislead investors. And Plaintiffs obviously cannot deny that RiT in fact did (as the Court noted) "describe the signing of the Distribution Agreement as a 'major' development." Doc. 34 at 10. Plaintiffs also cling to their implausible theory that Defendants were seeking to obscure RiT's relationship with Stins Coman, despite copious disclosures that (1) RiT did extensive business with Stins Coman; (2) RiT did business with numerous other identified Stins Coman-affiliated entities; and (3) RiT CIS was itself a Stins

4

Coman-affiliated company. *See id.* at 11; *see, e.g.*, Doc. 28-4 at 18, 23–24, 28, 34, 61–68, 132–33. Especially in the context of those disclosures, Plaintiffs have not shown how a reasonable investor could have been misled by the language actually used.

At best, Plaintiffs add a bit more support for their assertion that RiT CIS was a "major" distributor, without explaining how Defendants' statements would indicate otherwise. *See* Doc. 39-2 at 8–10. Even if those added allegations adequately pleaded that RiT was a major distributor—and for the reasons set forth below, they do not—it is well established that merely alleging that a defendant did not disclose everything an investor might want to know is not enough to plead a violation of Rule 10b-5, because "[s]ilence, absent a duty to disclose, is not misleading under Rule 10b-5." *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988); *see also Winer Family Tr. v. Queen*, 503 F.3d 319, 330 (3d Cir. 2007) ("Liability may exist under Rule 10b-5 for misleading or untrue statements, but not for statements that are simply incomplete."). Plaintiffs must, in short, describe why what RiT *actually said* affirmatively misled investors; showing that a fact was not disclosed is not enough.

In any event, the statements Plaintiffs attributed to anonymous sources are insufficient to plead anything under the demanding standards applicable to a securities fraud claim. Confidential witnesses must be "described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." *Chubb Corp.*, 394 F.3d at 146 (quoting approvingly *Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000)). The complaint must also support a probability that the confidential witness has personal knowledge. *See, e.g., In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1068 (W.D. Wash. 2003) ("The court must be able to tell whether a confidential witness is speaking from personal knowledge, or 'merely regurgitating gossip and

5

innuendo.'"); *In re Downey Sec. Litig.*, No. CV 08-3261-JFW (RZx), 2009 WL 2767670, at *9 (C.D. Cal. Aug. 21, 2009) (disregarding statements "lacking in specificity or based on hearsay, rumor, or speculation"); *Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*, 720 F. Supp. 2d 517, 546 (D.N.J. 2010) (requiring specific allegations about information source).

Plaintiffs do not meet this standard. The proposed Second Amended Complaint cites four anonymous "former employees" of RiT to assert that RiT CIS was a "major" distributor before the distributorship was announced. Doc. 39-2 at 9–10 ¶¶ 27–30. Plaintiffs offer only vague descriptions of the purported confidential witnesses' positions, which fail to show what the basis for their assertions is. *See id.* Simply asserting, as Plaintiffs do, that a confidential witness is "in charge of fulfilling RiT CIS orders," a "sales manager," or "vice president of marketing," *id.*, does not establish that they have personal knowledge of the dollar value of RiT's sales to RiT CIS. Only for CW3 do Plaintiffs disclose anything more about how the witness supposedly knew what they claim she or he knew, and the one-sentence description devoid of any specifics about what the "sales figures" shown during the "annual January employee meeting" were is inadequate to meet the *Chubb* requirement for "sufficient particularity." *See* 394 F.3d at 146. This lack of specificity is particularly striking because the sales figures attributed to these confidential witnesses are internally contradictory and in some cases impossible—each witness claims that RiT CIS was a huge distributor before RiT CIS *existed or signed its distributorship agreement*. *See* Doc. 28-3 (distributorship agreement). The total lack of credibility that is apparent from these patent inconsistencies is precisely why the *Chubb* standard exists.[2]

---

[2]   Plaintiffs also point to RiT's liquidation report for the volume of "related party customers," Doc. 39-2 at 10 ¶ 32, but "related party customers" includes companies other than RiT CIS: RiT's last Form 20-F listed Stins Coman, Stins Engineering Pte Ltd., STINS Corp., the Academy of Informational Systems, IntElorg Pte Ltd., and Invencom Technologies Ltd. as related parties with which RiT did business in addition to RiT CIS.

6

In short, Plaintiffs—despite having previously amended the complaint and despite having been given an extension of time and hiring an investigator—still fail to plead sufficient facts to support the inference that the identified SEC disclosures were misleading. Amendment is thus futile.

### B. Plaintiffs Fail to Cure Their Threadbare Scienter Allegations.

Plaintiffs have not fixed their failure to plead scienter. This Court found the Amended Complaint's scienter allegations to be "bare," essentially asking the Court to infer scienter based on (inadequate) allegations of falsity and materiality. *See* Doc. 34 at 13 ("The argument seems to be that those statements were so clearly false and misleading that they could not have been uttered without intent to defraud."). As the Court noted, "conclusory allegations of motive and opportunity" and assertions "that 'the defendant must have known[,]' do not satisfy the PSLRA's heightened standards." *Id.* (quoting *In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 399 (D.N.J. 2010). Plaintiffs' allegations, the Court held, failed to rebut the nonculpable inference "that the Defendants believed that their public statements accurately reflected the facts when they were filed in March–April 2015." *Id.*

Plaintiffs' proposed Second Amended Complaint responds to none of these defects. The proposed Second Amended Complaint adds a paragraph alleging that the Individual Defendants, as officers, would have known about RiT's sales, Doc. 39-2 at 10–11 ¶ 33, but this doubling-down on the inadequate core operations allegations in the prior complaint does not remotely suggest that the challenged descriptions were made with intent to defraud, let alone create the strong inference required by the PSLRA. Nor do Plaintiffs make any effort to rule out the obvious nonculpable inference that the Court identified—that Defendants believed that the language used was accurate, especially in light of all the other disclosures of extensive reliance on Stins Coman.

7

Other than that, Plaintiffs' changes are merely stylistic and do not change the substance of what they plead. Changing "would have doubted" to "in particular, would look askance – or would, at a minimum, be wary of," *id.* at 11 ¶ 33, or "RiT CIS's indispensability for" to "of the very fact that RiT CIS was vital to," *id.* at 12 ¶ 34, simply amounts to replacing one conclusory assertion with another. It smacks of trying to maximize the amount of redline to create the impression of change, rather than actually curing the fundamental defect. Rephrasing the same boilerplate allegations do not fix the underlying flaw.

Plaintiffs, in short, do nothing that would even approach the "PSLRA's 'exacting' pleading standard for scienter." *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 253 (3d Cir. 2009). The proposed Second Amended Complaint is just as far short of this standard as the last one, and amendment is accordingly futile.

## IV.   CONCLUSION

For the foregoing reasons, this Court should deny as futile Plaintiffs' motion for leave to file a Second Amended Complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: New York, New York<br>May 20, 2019 | Kirkland & Ellis LLP<br><br>*/s/ Sara B. Cannon*<br>Sara B. Cannon<br>sara.cannon@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: +1 212 446 4800<br>Facsimile: +1 212 446 4900<br><br>*Attorney for Defendants Amit Mantsur; Yossi Ben Harosh; Eran Erov; and Motti Hania* |
| *Of Counsel:*<br><br>Jay P. Lefkowitz, P.C. (*pro hac vice*)<br>lefkowitz@kirkland.com<br>Nathaniel J. Kritzer (*pro hac vice*)<br>nathaniel.kritzer@kirkland.com<br>Joseph M. Sanderson (*pro hac vice*)<br>joseph.sanderson@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: +1 212 446 4800<br>Facsimile: +1 212 446 4900 |  |